USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

# FOX HORAN & CAMERINI LLP

825 THIRD AVENUE
NEW YORK, NEW YORK 10022

ATTORNEYS AND COUNSELLORS
AT LAW

TELEPHONE: (212) 480-4800
TELECOPIERS: (212) 269-2383
(212) 709-0248

**MEMO ENDORSED**

April 11, 2008

**RECEIVED APR 1 4 2008 CHAMBERS WILLIAM H. PAULEY U.S.D.J.**

**BY HAND DELIVERY**
The Hon. William H. Pauley, III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

  Re:  *Hearst Holdings, Inc. v. Tropico Diffusion*, No. 08 Civ. 1546 (ECF Case)

Dear Judge Pauley:

  We represent Defendant Tropico Diffusion in the above referenced action. Defendant will serve its opposition papers to Plaintiff Hearst Holdings, Inc.'s motion for a permanent, or preliminary, anti-suit injunction by order to show cause, dated February 15, 2008 (the "opposition papers") as previously scheduled – on time. The purpose of this letter is to request an extension of time to serve and file English translations of two French documents that are part of such opposition.

  The background is as follows. Pursuant to the order to show cause the Court ordered Defendant to serve and file its opposition papers by February 28, 2008, ordered Plaintiff to serve and file its reply papers by March 3, 2008 and set a hearing for March 5, 2008.

  Pursuant to a stipulation signed by the parties on February 28, 2008 and so ordered by the Court on February 29, 2008, Defendant agreed to postpone a hearing set for March 13, 2008 before the Commercial Court of Paris in exchange for a temporary stay of Plaintiff's request for an injunction before this Court, so that the parties could conduct settlement negotiations. The parties also agreed that if no settlement could be reached, Defendant would serve and file its opposition papers on or before 5:00 p.m. on April 14, 2008, and Plaintiff would serve and file its reply papers on or before 5:00 p.m. on April 21, 2008.

  The parties' efforts to reach a settlement of the issues in the French action and before this Court were unsuccessful. Accordingly, Defendant will be serving and filing its responsive papers to Plaintiff's motion on or before 5:00 p.m. on April 14, 2008. Because Defendant was focusing its time and resources on the settlement negotiations, Defendant will not be able to submit English translations of two French documents, – (1) a provision of the French Commercial Code; and (2) a decision of a French court – on or before 5:00 p.m., April 14, 2008. These French documents are exhibits to the Declaration of Julien Hay in opposition to Plaintiff's motion ("Hay Declaration). The pertinent parts of the French Commercial Code are summarized

The Hon. William H. Pauley III
April 11, 2008
Page 2 of 2

in the Hay Declaration and the key language of the French court decision is quoted in the text of the Hay Declaration. We delivered a copy of Defendant's opposition papers (Defendant's memorandum of law, the Hay Declaration with exhibits, including the French documents, and the Declaration Amar) to Plaintiff's counsel on or about February 28, 2008 to facilitate the settlement negotiations. The French documents are also discussed in the complaint filed by Tropico Diffusion in a French proceeding, which is annexed to the Complaint filed by Plaintiff in this action as Exhibit B. Plaintiff, therefore, has had the French documents for well over a month and has been on notice of the contents of the documents for even longer. Throughout this period, Plaintiff has been represented by French counsel in France.

Accordingly, we respectfully request an extension permitting Defendant to file and serve English translations of the French documents on or before April 18, 2008. The extra time is necessary so that we may obtain a proper and accurate translation of the French documents. Defendant has not made any previous requests for an extension. Counsel for Plaintiff will not agree to any extension because they believe that Defendant has had sufficient time to obtain the English translations. We believe that counsel for Plaintiff is well informed of the content of the French documents and will not be prejudiced.

Respectfully submitted

Kathleen M. Kundar

Copy to: Jonathan Donnellan, Esq., *counsel for Plaintiff* (via email)

Application granted.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

4/14/08